AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2021
```

UNITED STATES OF AMERICA

Case No. 1:16-cr-656

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

PAUL GIST

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of          months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before        , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Gist's application, Dkt. No. 797, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  Mr. Gist's submission does not provide sufficient information for the Court to conclude that that there are extraordinary and compelling reasons for his release.  Mr. Gist is relatively young.  He was born in 1993. Sentencing Transcript, Dkt. No. 577 ("Tr."), at 30:7.  Mr. Gist suffers from two medical conditions that may increase the risk associated with COVID-19, which are described in his letter.  But the Court does not have sufficient information to conclude that those conditions are not currently being managed in a way that would effectively reduce the risk associated with COVID-19.  And Mr. Gist's age cohort is one that is not associated with a higher risk of complications from COVID-19.  Most of Mr. Gist's submission focuses on the health issues of

his beloved maternal grandfather, who raised Mr. Gist and his brother.  While very meritorious, Mr. Gist's desire to support his grandfather does not rise to the level of extraordinary and compelling circumstances sufficient to justify his early release.

Assuming, without holding, that Mr. Gist's health conditions, combined with his age, and the circumstances at the facility in which he is incarcerated are sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Gist's sentence is appropriate at this time.  The Court sentenced Mr. Gist to principally to 77 months imprisonment for his crime of assaulting a cooperating witness.  According to Mr. Gist's October 10, 2020 submission, Dkt. No. 797. he had served 48 months of his 77 month sentence as of that date.  The Court does not conclude that a reduction is warranted.  While the factor related to the need for Mr. Gist to receive medical care arguably weighs more heavily in favor of a lesser sentence now, the Court's assessment of all of the other § 3553(a) sentencing factors, all continue to weigh heavily against a modification of his sentence now.  The Court commented at length on the § 3553(a) factors at sentencing, and will not retread them all here.  The nature of Mr. Gist's crime was very serious.  He was a street level dealer of marijuana and steered sales of crack cocaine. Tr. at 29:11-18.  He was also involved in the violent assault of a person believed by him to be a cooperator.  Tr. at 29:19-30:5. The need for the sentence imposed to impose just punishment as well as to achieve the goals of personal and general deterrence continue to weigh heavily in the Court's assessment of the § 3553(a) factors, given the nature of Mr. Gist's underlying offense.  And, unfortunately, as the Court noted at sentencing, the Court is concerned regarding the need for personal deterrence for Mr. Gist, in particular in light of his prior criminal history.  Tr. at 31-25; 33:12-34:20.  As a

4

result, based on its assessment of the factors described in the statute, the Court does not believe that early release is appropriate.

Nonetheless, the Court is pleased the read of Mr. Gist's accomplishments while in prison. The Court hopes that Mr. Gist is able to continue his progress so that he will be a good candidate for a half-way house later this year, as described in his letter.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

January 3, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE